UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM D. FOX,
    Plaintiff,

vs.

DENISE A. ASKREN,
    Defendant.

Case No. 1:13-cv-872

Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court following a status conference held on April 29, 2014. Plaintiff, proceeding pro se, initiated this action in the Clermont County Court of Common Pleas for the State of Ohio raising a state law malicious prosecution claim against defendant Denise A. Askren and a 42 U.S.C. § 1983 false arrest claim against defendants Sergeant Leslie Smith and the New Richmond Police Department. (Doc. 1, Ex. 2, Complaint). Defendants Smith and the New Richmond Police Department subsequently removed the matter to this Court pursuant to 28 U.S.C. § 1441 as plaintiff's false arrest claim involved a federal question. During the status conference, the parties apprised the Court that plaintiff had reached a settlement with defendants Sergeant Leslie Smith and the New Richmond Police Department and that a stipulation of dismissal had been filed regarding his federal claim against these defendants. *See* Doc. 19, Stipulation of Dismissal. Consequently, plaintiff's sole remaining claim is the state law malicious prosecution claim against defendant Denise Askren.

At the time this matter was removed from the State court, this Court properly had subject matter jurisdiction over plaintiff's federal law claim. However, "when all federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain," a federal court may exercise its discretion to remand the matter back to State court. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). The Court should consider "the values of judicial

economy, convenience, fairness, and comity in order to decide whether to exercise" its pendent jurisdiction over the remaining state law claims. *Id.*, citing *Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966). "When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to continue to exercise jurisdiction." *Id.* at 351.

The instant matter was filed less than six months ago and discovery is in its early stages and not set to close for another seven more months. (Doc. 13, Calendar Order). Further, the only remaining claim involves issues arising under state law. Given these circumstances, the undersigned **HEREBY RECOMMENDS THAT** the Court exercise its discretion to remand this case back to the Clermont County Court of Common Pleas for the State of Ohio.

Date: 5/2/14

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM D. FOX,
   Plaintiff,

vs.

DENISE A. ASKREN,
   Defendant.

Case No. 1:13-cv-872

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☒ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>William D Fox<br>104 Regatta Drive<br>New Richmond, Ohio 45157 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |  |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7011 3500 0001 5345 5598 | |

PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-1540